IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. |
| Plaintiff, | ) JUDGE |
| v. | ) |
| $41,750.00 IN U.S. CURRENCY, | ) |
| Defendant. | ) |
| | ) **COMPLAINT IN FORFEITURE** |

NOW COMES plaintiff, the United States of America, by Rebecca C. Lutzko, United States Attorney for the Northern District of Ohio, and Henry F. DeBaggis, Assistant U.S. Attorney, and files this Complaint in Forfeiture, alleging, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, as follows:

**JURISDICTION AND INTRODUCTION**

1. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C. Section 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. Section 881(a)(6).

2. This Court has *in rem* jurisdiction over the defendant currency: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district;

and, (ii) pursuant to 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395, because the action accrued in this district. This Court will have control over the defendant currency through service of an arrest warrant *in rem*, which the Department of Homeland Security by Homeland Security Investigations (HSI) will execute upon the defendant currency. *See*, Supplemental Rules G(3)(b) and G(3)(c).

3. Venue is proper in this district: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) pursuant to 28 U.S.C. Section 1395 because the action accrued in this district.

4. On or about December 25, 2023, Defendant $41,750.00 in U.S. Currency was seized from the carry-on backpack belonging to Julian Hamilton (HAMILTON) at Cleveland Hopkins Airport and the defendant currency is now in the custody of the federal government.

5. Subsequent to the seizure, U.S. Customs and Border Protection's (CBP) Fines, Penalties & Forfeiture Office (FP&F) commenced an administrative forfeiture proceeding against the defendant currency. Claims to the defendant currency were submitted by HAMILTON, Attorney Mark Marein (MAREIN) and Wael Hassan (HASSAN) in the administrative forfeiture proceeding, thereby requiring the filing of this judicial forfeiture action.

6. Defendant $41,750.00 in U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that it constitutes proceeds from illegal drug distribution activities, and/or was used - or was intended to be used - in exchange for illegal controlled substances, and/or was used - or was intended to be used - to facilitate illegal drug distribution activities.

## FORFEITURE

7.  On or about December 25, 2023, HSI Task Force Officers (TFO) were conducting airport interdiction at Cleveland Hopkins International Airport (CLE) when HAMILTON arrived at CLE for his United Airlines flight to Los Angeles.

8.  When HAMILTON presented his carry-on backpack to the Transportation Security Administration (TSA) for administrative screening, the backpack alerted for the presence of a bulk mass.

9.  Pursuant to TSA protocol, TSA officers examined the bag to identify the nature of the bulk mass and discovered bundles of U.S. currency concealed within the bag in several storage pockets and inside a front pocket of a pair of sweatpants in the backpack.

10.  Cleveland Police Department (CPD) officers then arrived in the TSA administrative screening area, observed the currency and asked HAMILTON how much currency he had, and HAMILTON said, "$35,000.00."

11.  HSI TFO Paul Fronckowiak arrived at the screening area and told HAMILTON that he was not being personally detained, that he was free to proceed with his travel, but his backpack was being detained.

12.  TFO Fronckowiak asked HAMILTON to voluntarily come with him to the HSI office for questioning regarding the currency in his backpack and HAMILTON agreed.

13.  On the way to the HSI office, HAMILTON told TFO Fronckowiak that the currency was for his business in Los Angeles, that he could show the business account where he withdrew the money that he was carrying, and that the business sold products at conventions that promoted the use of marijuana products such as gummies and vapes.

14. At the HSI office, TFO Fronckowiak asked about the business and HAMILTON's income and HAMILTON identified the business as "Strain RX," identified his boss as Wael Hassan and stated HASSAN was the owner of Strain RX as well as an auto shop in the same geographic area.

15. At the HSI office, TFO Fronckowiak asked HAMILTON where the currency in his backpack came from and HAMILTON initially said he had withdrawn it from a business account at the request of his employer HASSAN. Subsequently, HAMILTON stated that he was not the one who withdrew the cash from the bank account, that it was a different employee of HASSAN's who did so and that the employee gave the cash to HAMILTON the day before his flight to Los Angeles.

16. At the HSI office, HAMILTON told TFO Fronckowiak that he was traveling to Los Angeles to meet up with HASSAN to do business and that he was transporting the currency for HASSAN.

17. After Defendant $41,750.00 in U.S. Currency was seized, CPD Officer Herrin and his canine partner Ciro conducted a canine sniff on the seized U.S. currency and Ciro alerted to the presence of an illegal narcotic odor on the U.S. currency seized from HAMILTON.

18. Previously, in *United States v. Wael Hassan, aka Shorty,* (U.S. District Court for the Northern District of Ohio; Case No. 1:08CR106), Wael Hassan was convicted on June 11, 2008, of a federal felony charge of Conspiracy to Possess with Intent to Distribute and Distribution of Marijuana, which involved at least 10 kilograms but less than 20 kilograms of marijuana.

19. Previously, Wael Hassan represented to the Ohio Secretary of State that he had the authority to execute a Name Registration form for Registrant Golden Oak Enterprise LLC

and he registered Fictitious Name: "Strains-RX.com" stating that the general nature of the business conducted by the registrant was dietary/medicinal supplements.

20. According to the Ohio Department of Commerce, Division of Cannabis Control, convicted federal drug felons are disqualified from engaging in commercial marijuana distribution.

21. On August 23, 2024, the Ohio Department of Commerce, Division of Cannabis Control, advised law enforcement that STRAINRX / SMOKE 614 / RELEAF CENTER 2465 LLC are not licensed dispensaries under Ohio's medical or non-medical cannabis programs and are therefore outside the regulatory authority of the Division of Cannabis Control.

## CONCLUSION

22. By reason of the foregoing, Defendant $41,750.00 in U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used - or was intended to be used - in exchange for illegal controlled substances, and/or was used - or was intended to be used - to facilitate illegal drug trafficking activities.

WHEREFORE, plaintiff, the United States of America, requests that this Court enter judgment condemning the defendant currency and forfeiting it to the United States, and providing that the defendant currency be delivered into the custody of the United States for disposition according to law, and for such other relief as this Court may deem proper.

                                              Respectfully submitted,

                                              REBECCA C. LUTZKO
                                              United States Attorney
                                              Northern District of Ohio

By: _____
      Henry F. DeBaggis (OH: 0007561)
      Assistant United States Attorney
      Carl B. Stokes U.S. Court House
      801 West Superior Avenue, Suite 400
      Cleveland, Ohio 44113
      216.622.3749 / Fax: 216.522.7499
      Henry.DeBaggis@usdoj.gov

## VERIFICATION

STATE OF OHIO          )
                       ) SS.
COUNTY OF CUYAHOGA  )

I, Henry F. DeBaggis, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

_____
Henry F. DeBaggis (OH: 0007561)
Assistant United States Attorney

Sworn to and subscribed in my presence this __3rd__ day of September, 2024.

_____
Notary Public

DANIEL R. RANKE, Attorney At Law
Notary Public - State of Ohio
My commission has no expiration date.
Section 147.03 O. R. C.

7